UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
JOHN PARSONS,                                    :
                                                 :
                      Plaintiff,                 :      **MEMORANDUM &**
                                                 :      **ORDER GRANTING IN**
       -against-                                 :      **PART AND DENYING IN**
                                                 :      **PART DEFENDANT'S**
SIGNIFY NORTH AMERICA CORPORATION,               :      **MOTION TO DISMISS**
                                                 :
                      Defendant.                 :      3:23-CV-272 (VDO)
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

John Parsons ("Plaintiff" or "Parsons") commenced this action against his former employer Signify North America Corporation ("Defendant" or "Signify"), asserting four claims under Connecticut law: (1) wrongful discharge in violation of public policy, (2) breach of the implied covenant of good faith and fair dealing, (3) intentional infliction of emotional distress, and (4) negligent infliction of emotional distress. Before the Court is Defendant's motion to dismiss all counts under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Defendant's motion to dismiss is **granted in part and denied in part**.

**I.    BACKGROUND**[1]

Plaintiff, a resident of Connecticut, is a former management employee of Defendant, a New Jersey corporation that developed technology which may be used in military aircraft communications. (Compl., ECF No. 1, ¶¶ 1, 6.) Plaintiff worked on Light Fidelity ("LiFi"), a technology used to transmit and receive data communications securely through infrared light

---

[1] The Court accepts as true the factual allegations in the Complaint and draws all reasonable inferences in Plaintiff's favor for the purpose of deciding Defendant's motion.

waves without revealing the locations of the sender and receiver. (*Id.* ¶¶ 4, 5.) Plaintiff's responsibilities included supplying LiFi to the armed forces of the United States. (*Id.* ¶ 5.)

To sell or license its technology to the federal government, Defendant must work as a subcontractor to a prime contractor. (*Id.* ¶ 7.) Plaintiff worked for Defendant on a project for which the prime contractor was Intelligent Waves. (*Id.*) During a 2022 meeting involving senior officers of Intelligent Waves, Intelligent Waves asked Defendant's Chief Executive Officer of the LiFi division, Hakan Yuce, whether Defendant had sold or delivered its LiFi technology to China. (*Id.* ¶ 12.) Yuce represented to Intelligent Waves that Defendant had not delivered LiFi to China when, in reality, Defendant collaborated on the technology with a Chinese telecom company, Oppo. (*Id.* ¶¶ 12, 13.)

Plaintiff later confronted Yuce about the attempt to mislead Intelligent Waves about Defendant's past deliveries of the technology to China. (*Id.* ¶ 16.) Shortly thereafter, Defendant summarily terminated Plaintiff's employment without providing an explanation. (*Id.* ¶ 19.)

## II. <u>LEGAL STANDARD</u>

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015) (citing *Ofori-Tenkorang v. Am. Int'l Grp., Inc.*, 460 F.3d 296, 300 (2d Cir. 2006)). "To survive dismissal, the pleadings must contain 'enough facts to state a claim to relief that is plausible on its face[.]'" *Buon v. Spindler*, 65 F.4th 64, 76 (2d Cir. 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556.)

### III. DISCUSSION

#### A. Wrongful Discharge

The Court first determines that Plaintiff has plausibly stated a claim for wrongful discharge in violation of public policy. Because the Court finds that Plaintiff sufficiently pleads that his discharge contravened an important public policy against fraud, as expressed in the Major Frauds Act and Connecticut common law, the Court does not reach the alternative theories of liability. *See NovaFund Advisors, LLC v. Capitala Grp., LLC*, No. 3:18-CV-1023 (MPS), 2021 WL 3568892, at *16 (D. Conn. Aug. 11, 2021).

The Connecticut Supreme Court recognizes "a common law cause of action in tort for discharges 'if the former employee can prove a demonstrably *improper* reason for dismissal, a reason whose impropriety is derived from some important violation of public policy.'" *Morris v. Hartford Courant Co.*, 513 A.2d 66, 67 (Conn. 1986) (quoting *Sheets v. Teddy's Frosted Foods, Inc.*, 427 A.2d 385, 386–87 (Conn. 1980)); *accord Geysen v. Securitas Sec. Servs. USA, Inc.*, 142 A.3d 227, 242 (Conn. 2016). "[T]he public policy exception to the general rule allowing unfettered termination of an at-will employment relationship is a narrow one" *Parsons v. United Techs. Corp.*, 700 A.2d 655, 663 (Conn. 1997). When a plaintiff alleges a wrongful discharge in violation of public policy claim, he must: "(1) plead that the alleged conduct by the employer contravenes public policy and (2) demonstrate that the plaintiff is otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." *Apatow v. Town of Stratford*, 651 F. Supp. 3d 573, 589 (D. Conn. 2023) (cleaned up).

Defendant argues that Plaintiff fails to identify an important violation of a public policy capable of sustaining a wrongful discharge claim. (Def. Mem., ECF No. 51-1, at 5.) Citing three federal statutes, including the Major Frauds Act, the False Claims Act, and the Contractor Whistleblower Protection Act, Plaintiff counters by alleging an anti-fraud public policy which prohibits Defendant from using lies to obtain a federal subcontract. (Pl. Opp., ECF No. 52, at 6–9.)

A comparison to *Faulkner v. United Technologies Corp., Sikorsky Aircraft Division*, 693 A.2d 293 (Conn. 1997), is instructive. In *Faulkner*, the Connecticut Supreme Court considered allegations that there was "a scheme to defraud the federal government by providing the government with Blackhawk helicopters that were constructed using substandard and defective parts." 693 A.2d at 296. In response to the plaintiff's concerns, his superiors warned him that he might be disciplined for rejecting the defective parts. *Id.* at 294. The defendant subsequently discharged the plaintiff for refusing to accept defective parts supplied by its subcontractors on numerous occasions. *Id.* The *Faulkner* Court held that the plaintiff sufficiently alleged that his discharge contravened an important public policy enunciated in federal law, namely "the public policy against government contract fraud expressed in the Major Frauds Act." *Id.* at 295 (citing 18 U.S.C. § 1031).

Much like Faulkner, Plaintiff alleges that his employer discharged him because he refused to defraud the federal government. Though Plaintiff was discharged for disagreeing with misrepresentations made to officers of Intelligent Waves, as opposed to the federal government, Plaintiff also alleges that Defendant had to work as a subcontractor to Intelligent Waves in order to sell or license its technology to the federal government. (Compl. ¶ 7.) Plaintiff alleges that the misrepresentations to Intelligent Waves involved national security

concerns, such as exposing confidential military technology to a foreign government, and cites the Major Frauds Act's prohibition against attempting to execute a scheme with intent to defraud the United States or to obtain property by means of false or fraudulent pretenses, representations, or promises. (*Id.* ¶¶ 12, 35, 37.) Construing the Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff plausibly alleges that his discharge contravened an important public policy against fraud, as expressed in the Major Frauds Act and Connecticut common law. *See Faulkner*, 693 A.2d at 295 (recognizing important public policy against government contract fraud); *see also Schmidt v. Yardney Elec. Corp.*, 492 A.2d 512, 515 (Conn. App. Ct. 1985) (recognizing important public policy against fraud where the plaintiff was discharged for cooperating with auditors).

Consequently, Defendant's motion to dismiss the wrongful discharge claim is denied.

### B.  Breach of Good Faith and Fair Dealing

Defendant also moves to dismiss the breach of the covenant of good faith and fair dealing claim, contending that Plaintiff has failed to identify a clearly established public policy that has been violated. (Def. Mem. at 13–14.) "[A]n employee cannot sustain a cause of action in contract for breach of an implied covenant of good faith and fair dealing based solely upon a discharge without just cause." *Morris*, 513 A.2d at 68 n.2. "[A]bsent a showing that the discharge involves an impropriety which contravenes some important public policy, an employee may not challenge a dismissal based upon an implied covenant of good faith and fair dealing." *Carbone v. Atl. Richfield Co.*, 528 A.2d 1137, 1142 (Conn. 1987) (citing *Magnan v. Anaconda Indus., Inc.*, 479 A.2d 781, 789 (Conn. 1984)). As previously discussed, the Court finds that Plaintiff plausibly alleges that his discharge contravened an important public policy against fraud, as enunciated in the Major Frauds Act and Connecticut common law.

5

Consequently, Defendant's motion to dismiss the claim of a breach of the covenant of good faith and fair dealing is denied.

### C. Intentional Infliction of Emotional Distress

Next, the Court dismisses Plaintiff's intentional infliction of emotional distress claim as the allegations regarding Defendant's conduct do not rise to the level necessary to state a claim.

When a plaintiff alleges an intentional infliction of emotional distress claim under Connecticut law, he must establish "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." *Apatow*, 651 F. Supp. 3d at 591 (quoting *Watts v. Chittenden*, 22 A.3d 1214, 1221 (Conn. 2011)). Additionally, "in order to hold an employer liable for the intentional torts of his employee, the employee must be acting within the scope of his employment and in furtherance of the employer's business." *A-G Foods, Inc. v. Pepperidge Farm, Inc.*, 579 A.2d 69, 73 (Conn. 1990). "[I]t must be the affairs of the principal, and not solely the affairs of the agent, which are being furthered in order for the doctrine to apply." *Id.* (cleaned up).

Plaintiff fails to plausibly allege extreme and outrageous conduct sufficient to state an intentional infliction of emotion distress claim. Here, Plaintiff alleges that Defendant retaliated against him by wrongfully terminating his employment after he expressed concern about a colleague's misrepresentations, which posed a risk to national security. (Compl. ¶¶ 20, 21, 22.) But "[l]iability for intentional infliction of emotional distress requires conduct that exceeds all bounds usually tolerated by decent society." *Nwachukwu v. Liberty Bank*, 257 F. Supp. 3d 280,

6

297 (D. Conn. 2017). Defendant's "alleged retaliatory misconduct," including the alleged wrongful termination of an at-will employment relationship, does "not rise to the level of extreme or outrageous behavior" sufficient to support an intentional infliction of emotional distress claim. *Taylor v. Muhammad*, No. 3:23-CV-1505 (VDO), 2024 WL 4286200, at *7 (D. Conn. Sept. 24, 2024); *see also Muniz v. Kravis*, 757 A.2d 1207, 1211–12 (Conn. App. Ct. 2000) (affirming dismissal of IIED claim where an armed security guard working for the defendants came to the plaintiff's apartment and terminated her employment, effective immediately, and told her to vacate her apartment within twenty-four hours).

Consequently, Defendant's motion to dismiss the intentional infliction of emotional distress claim is granted.

### D. Negligent Infliction of Emotional Distress

Finally, the Court dismisses Plaintiff's negligent infliction of emotional distress claim, as Plaintiff has failed to plausibly allege unreasonable conduct in the termination process.

When a plaintiff alleges a negligent infliction of emotional distress claim under Connecticut law, he must set forth sufficient allegations that: "(1) the defendant's conduct created an unreasonable risk of causing the plaintiff emotional distress; (2) the plaintiff's distress was foreseeable; (3) the emotional distress was severe enough that it might result in illness or bodily harm; and (4) the defendant's conduct was the cause of the plaintiff's distress." *Dorfman v. Smith*, 271 A.3d 53, 75 n.14 (Conn. 2022) (quoting *Carrol v. Allstate Ins. Co.*, 815 A.2d 119, 127 (Conn. 2003)). In the employment context, liability for negligent infliction of emotional distress "arises only where it is based upon unreasonable conduct of the defendant in the termination process." *Perodeau v. City of Hartford*, 792 A.2d 752, 765 (Conn. 2002) (cleaned up).

Like the intentional infliction of emotional distress claim, Plaintiff's negligent infliction of emotional distress claim is based solely upon Defendant terminating Plaintiff for attempting to hold a colleague accountable for misrepresentations. (Compl. ¶¶ 48, 51, 56.) But "termination of employment, even where it is wrongful, is . . . not, by itself, enough to sustain a claim for negligent infliction of emotional distress" because "firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior." *Parsons,* 700 A.2d at 667. Therefore, because Plaintiff does not allege unreasonable conduct during the termination process beyond the termination itself, Plaintiff fails to state a claim for negligent infliction of emotional distress. *Id.* (affirming dismissal of negligent infliction of emotional distress claim where a defendant terminated a plaintiff's employment with two hours' notice and escorted the employee off the premises with a security guard).

Consequently, Defendant's motion to dismiss the negligent infliction of emotional distress claim is granted.

### IV. <u>CONCLUSION</u>

For the reasons described above, the motion to dismiss Plaintiff's claims is **GRANTED IN PART AND DENIED IN PART**. Defendant's motion to dismiss Plaintiff's negligent infliction of emotional distress and intentional infliction of emotional distress claims in Counts Three and Four is **granted** and those claims are **dismissed.** The motion is otherwise **denied**. The following claims remain: Plaintiff's wrongful discharge in violation of public policy claim in Count One, and his breach of the covenant of good faith and fair dealing claim in Count Two.

Accordingly, Defendant shall file an answer to the Complaint **within fourteen days of this order**. The stay on discovery in this case is **LIFTED**. By **November 22, 2024**, the parties shall confer and file an updated Rule 26(f) report.

**SO ORDERED.**

Hartford, Connecticut
November 7, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge